FILED

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 21 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-50390 |
| Plaintiff-Appellee, | D.C. No. 3:14-cr-03254-BEN |
| v. | MEMORANDUM[*] |
| JOSE MARCOS ALONZO, | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Submitted December 14, 2016[**]

Before:     WALLACE, LEAVY, and FISHER, Circuit Judges.

Jose Marcos Alonzo appeals from the district court's judgment and

challenges the 60-month sentence imposed following his guilty-plea conviction for

importation of heroin and methamphetamine, in violation of 21 U.S.C. §§ 952 and

960.  We have jurisdiction under 28 U.S.C. § 1291, and we vacate and remand.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Alonzo contends that the district court erred in denying a minor role reduction to his base offense level under U.S.S.C. § 3B1.2(b). After Alonzo was sentenced, the United States Sentencing Commission issued Amendment 794 ("the Amendment"), which amended the commentary to the minor role Guideline. The Amendment is retroactive to cases pending on direct appeal. *See United States v. Quintero-Leyva*, 823 F.3d 519, 523 (9th Cir. 2016).

Among other things, the Amendment added a non-exhaustive list of factors that a court "should consider" in determining whether to apply a minor role reduction. *See* U.S.S.G. § 3B1.2 cmt. n.3(C) (2015). Because we cannot determine from the record whether the district court considered all of the now-relevant factors, we vacate Alonzo's sentence and remand for resentencing under the Amendment. *See Quintero-Leyva*, 823 F.3d at 523-24.

In light of this disposition, we do not reach Alonzo's argument that his sentence is substantively unreasonable.

**VACATED and REMANDED for resentencing.**